JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

L.D.Q.; et al., ) CASE NO. CV 18-7309-R
)
        Plaintiffs, ) ORDER GRANTING PLAINTIFFS'
) MOTION TO REMAND AND UNITED
v. ) STATES OF AMERICA'S MOTION TO
) REMAND AND DENYING
California Hospital Medical Center; et al., ) DEFENDANTS' MOTION FOR ENTRY
) OF REMAND ORDER WITHOUT
        Defendants. ) PREJUDICE
)

      Before the Court is Plaintiffs' Motion to Remand, filed September 18, 2018 (Dkt. No. 16), Movant United States of America's Motion to Remand, filed September 19, 2018 (Dkt. No. 19), and Defendants' Motion for Remand Without Prejudice, filed October 27, 2018 (Dkt. No. 24).

      On February 1, 2016, Plaintiffs filed suit in the Los Angeles Superior Court alleging that they sustained injuries during labor and delivery due to Defendants' malpractice. Defendants sought coverage from the United States under the Federal Tort Claims Act ("FTCA"). On October 30, 2017, Defendants removed this case for the first time under the Federally Supported Health Centers Assistance Act ("FSHCAA"). The case was remanded to state court pursuant to this Court's Order dated March 1, 2018. *L.D.Q. v. Cal. Hosp. Med. Ctr.*, No. 17-7917-R, 2018 WL 1136568, at *2-3 (C.D. Cal. Mar. 1, 2018). Defendants appealed that decision to the Ninth Circuit, which dismissed for lack of jurisdiction. Defendants removed the case for a second time

on August 20, 2018. Plaintiffs and Movant United States of America now seek to have the case remanded again to state court. Defendants have also moved to have the case remanded for state court approval of the parties' settlement agreement; however, Defendants seek an order holding this case in abeyance in the district court pending approval of the settlement agreement.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "[T]he defendant always has the burden of establishing that removal is proper." *Id.*

Defendants rely in part on the same basis for removal previously rejected by this Court on March 1, 2018. *L.D.Q.*, No. 17-7917-R, 2018 WL 1136568, at *2-3. 42 U.S.C. § 233(*l*) does not provide a basis for removal because the Attorney General's designee, the United States Attorney for the Central District of California, filed a notice in state court informing the court that Defendants were not entitled to FTCA coverage. In addition, Defendants now present the new theory that they qualify as federal officers under 28 U.S.C. § 1442(a)(1) and can remove the case on that basis. That theory fails for several reasons.

First, Defendants elected not to file an opposition to Plaintiffs' Motion to Remand or Movant United States of America's Motion to Remand. The court may deem their non-opposition as consent to the granting of the Motions. C.D. Cal. L.R. 7-12.

Second, Defendants' removal is untimely. Defendants removed this action under § 1442(a)(1) on August 20, 2018, long after the 30-day time limit for removal provided by 28 U.S.C. § 1446(b)(1) had lapsed. Removal is also untimely under § 1446(b)(3), which extends the time for removal "if the case stated by the initial pleading is not removable" to 30 days from receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, the case is not removable, and Defendants' purported bases for removal existed when the Complaint was filed.
/ / /
/ / /

Second, there is no statutory basis for Defendants' contention that they are federal officers. Defendants are not employees of a federal agency, and their sole relationship to the federal government is that of a grant recipient.

Third, even if Defendants did qualify as federal officers, they forfeited any potential right to remove under § 1442(a)(1) because they failed to raise that theory in their first Notice of Removal. "[T]wo things must concur to vindicate the filing of a second petition for removal, namely, the appearing in the record *for the first time of a state of fact which authorizes the removal* and the prompt filing by the defendant of a new petition showing the facts as they then exist." *Key v. West Kentucky Coal Co.*, 237 F. 258 (W.D. Kent. 1916) (emphasis added) (citing *Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 93). The state of facts has not changed here. The federal government has not altered its determination that Defendants were not entitled to FTCA coverage, and Defendants' status has not otherwise changed. In fact, Defendants themselves recognized in their appeal of the Court's prior order remanding this case that they could have raised § 1442(a)(1) in their first removal but did not do so. Simply adding a new theory without a change in facts does not provide a valid basis for removal on a second petition.

This Court finds that the case must be remanded to state court and that Plaintiffs are entitled to attorneys' fees under 28 U.S.C. § 1447(c), which provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This is a fee-shifting provision aimed at reducing "the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140. Defendants second removal of this case is meritless and unreasonable, and it has resulted in multiple unwarranted delays of Plaintiffs' case. Accordingly, Defendants are ordered to pay Plaintiffs' attorneys' fees associated with Plaintiffs' Motion to Remand in an amount to be determined.

Finally, Defendants filed a Notice of Settlement and Motion for Entry of Remand Order Without Prejudice on October 27, 2018. (Dkt. No. 24). Defendants seek to have the case remanded for approval of the parties' settlement agreement by the state court while holding proceedings in this Court in abeyance so that Defendants may later litigate the underlying merits

of Plaintiffs' medical malpractice action in the event that the state court does not approve the settlement agreement. However, Defendants have cited no basis in statute or case law to keep the case pending in federal court following an order to remand. "When a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996).

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand and Movant United States of America's Motion to Remand are GRANTED. (Dkt. Nos. 16, 19).

**IT IS FURTHER ORDERED** that Plaintiffs are awarded attorneys' fees under 28 U.S.C. § 1447(c). Plaintiffs shall file a supplemental brief detailing the amount of attorneys' fees accrued and hours spent on each specific task undertaken for purposes of this matter. The brief shall total no more than five (5) pages excluding exhibits and declarations and is due on November 26, 2018. Defendants' opposition brief shall total no more than five (5) pages excluding exhibits and declarations and is due on December 3, 2018.

**IT IS FURTHER ORDERED** that Defendants' Motion for Entry of Remand Order Without Prejudice is DENIED. (Dkt. No. 24).

Dated: November 16, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE